IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T & B Limited, Inc., | ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) Case No. 04 C 2578 ) ) HONORABLE CHARLES R. NORGLE |
| City of Chicago, | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

CHARLES R. NORGLE, Sr., District Judge

Plaintiff brings its Complaint for violations of the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq., the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901, et seq., and Illinois state law. Plaintiff seeks monetary and injunctive relief. Before the court is Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, Defendant's Motion is denied in part and granted in part.

**I. BACKGROUND**

**A. Facts**

Plaintiff T&B Limited, Inc. ("T&B") owns a parcel of real property located at 4000 South Ashland Avenue in Chicago, Illinois. On August 1, 1991, T&B and Defendant City of Chicago (the "City") entered into a commercial lease agreement for the City's use of the property as an auto

impound lot. The term of the original lease was from August 1, 1991 until July 31, 1996. Upon the expiration of the original lease, the City continued to lease the property on a month-to-month basis until February 2002.

Under the lease, the City was required to use the property only as an auto impound lot. T&B alleges, however, that the City used the property also for the demolition of automobiles. T&B further claims that environmental tests performed on the property since 2002 have revealed elevated levels of contaminants such as benzo(a)anthracene, benzo(b)fluouranthene, benzo(a)pyrene, dibenzo(a,h)anthracene, arsenic, lead, and carbazole. According to T&B, these chemicals are "associated with the disassembly and crushing of automobiles." T&B alleges the damages incurred as a result of the City's actions are "in excess of $3.5 Million dollars."

**B. Procedural History**

T&B filed its original Complaint on April 9, 2004, and its First Amended Complaint on July 8, 2004. Then, on September 24, 2004, T&B filed its Second Amended Complaint. The City filed its Motion to Dismiss on October 21, 2004. T&B filed its Response on December 13, and the City Replied on January 10, 2005. Defendant's Motion to Dismiss is fully briefed and before the court.

## II. DISCUSSION

**A. Standard of Review**

*1. Rule 12(b)(6)*

When reviewing a motion to dismiss under Rule 12(b)(6), the court merely looks at the sufficiency of the complaint, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002); Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001); it does not decide whether the plaintiff has a winning claim. See McCormick v. City of Chicago, 230 F.3d 319, 323-26 (7th Cir. 2000) (analyzing

Leatherman v. Tarrant County, 507 U.S. 163 (1993) and reversing the Rule 12(b)(6) dismissal of claims based on §§ 1981 & 1983); Alliant Energy Corp. v. Bie, 277 F.3d 916, 919 (7th Cir. 2002) ("A complaint need only state the nature of the claim, details can wait for later stages"). Thus, "[a] complaint should not be dismissed for failure to a state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts to support his claim which would entitle him to relief." Szumny v. American General Finance, 246 F.3d 1065, 1067 (7th Cir. 2001) (citations and internal quotation marks omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims ... Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Id. "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. All well-pleaded facts are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. See, e.g., Sprint Specturm L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004).

### *2. Rule 12(b)(1)*

Additionally, when reviewing a motion to dismiss for lack of standing under Rule 12(b)(1), the "court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor." Lee v. City of Chicago, 330 F.3d 456, 468 (7th Cir. 2003). The plaintiff, as the party invoking federal jurisdiction, must establish the required elements of standing: (1) injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) likelihood that the injury will be redressed by a favorable decision. Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). With these principals in mind, we examine the City's Motion to Dismiss.

## B. City of Chicago's Motion to Dismiss

### 1. T&B's RCRA Claim

The RCRA is "a comprehensive statute governing the treatment, storage and disposal of hazardous waste." Albany Bank & Trust Co. v. Exxon Mobil Corp., 310 F.3d 969, 972 (7th Cir. 2002); City of Chicago v. Environmental Defense Fund, 511 U.S. 328, 331 (1994). The primary purpose of the statute is to "limit the harmful effects of hazardous waste 'to minimize the present and future threat to human health and the environment.'" 42 U.S.C. §6902(b); Albany Bank & Trust Co., 310 F.3d at 972. The statute provides a citizen with the right to bring suit "against any person, including . . . any past or present generator . . . who has contributed or who is contributing to the past or present handling . . . of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." 42 U.SC. §§ 6902(b), 6972(a)(1)(B). Section 6972(a)(1)(B) of RCRA "provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1040 (9th Cir. 2005). "When Congress enacted RCRA in 1976, it sought to close 'the last remaining loophole in environmental law, that of unregulated land disposal of discarded materials and hazardous wastes.'" Interfaith Community Org. v. Honeywell Intern., Inc., 399 F.3d 248, 258 (3rd Cir. 2005) (internal citations omitted).

Count I of T&B's Complaint arises under § 6972(a)(1)(A) of the RCRA. Compl., ¶ 17. Section 6972(a)(1)(A) provides a civil action "against any person . . . who is alleged to be in violation of any permit, standard, regulation . . . or order which has become effective pursuant to this chapter." 42 U.S.C. § 6972(a)(1)(A). However, when there is a corresponding state regulation, the state law generally pre-empts § 6972(a)(1)(A). "Where state regulations supersede federal regulations, those

federal regulations do not become effective; therefore, citizen suits may not stand on the superseded federal regulations." Clorox v. Chromium Corp., 158 F.R.D. 120, 123-24 (N.D. Ill. 1994) (Norgle, J.); AM Int'l, Inc. v. Datacard Corp., DBS, Inc., 106 F.3d 1342, 1350 (7th Cir. 1997) (RCRA allows each state to promulgate its own program; if a state program receives EPA authorization, its standards supersede federal regulations). See Parker v. Scrap Metal Processors, Inc., 386 F.3d 993, 1006 n.13 (11th Cir. 2004) (noting that "a state's EPA-approved program under the RCRA operates in 'lieu of the federal program'"). Illinois has such an EPA approved program. See 415 ILL. COMP. STAT. 5/22 (2004) (Environmental Protection Act).

Here, T&B has not alleged any violations of Illinois law in Count I. The claim is substantially based upon the statutory language of § 6972(a)(1)(A). Compl., ¶ 17. Therefore, because T&B has alleged violations of federal, instead of state law, Count I of the Complaint must be dismissed. See AM Int'l, Inc., 106 F.3d at 1350.

The City further contends that Counts II, III, and the supplemental state claims must be dismissed for failure to state a claim upon which relief can be granted. Mot. to Dismiss, at 6-7. However, under the liberal notice pleading standards of the federal system, a complaint need only state the nature of a claim. See Alliant Energy Corp., 277 F.3d at 919.

Section 6972(a)(1)(B), as opposed to § 6972(a)(1)(A), is not superceded by state environmental laws. Clorox, 158 F.R.D. at 124 ("courts hold that state regulations do not supercede § 6972(a)(1)(B)"); see Dague v. City of Burlington, 935 F.2d 1343, 1353 (2d Cir. 1991). Under § 6972(a)(1)(B), a citizen may bring suit "against any person . . . who has contributed to or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present imminent and substantial endangerment to health or the environment . . . ." 42 U.S.C. § 6972(a)(1)(B). In order to make out a prima facie claim under this

5

section of RCRA, a plaintiff must allege: (1) that the defendant has generated solid or hazardous waste, (2) that the defendant is contributing to or has contributed to the handling of this waste, and (3) that this waste may present an imminent and substantial danger to health or the environment." Albany Bank & Trust Co., 310 F.3d at 972.

Here, the court finds that T&B has adequately pled a prima facie violation of RCRA. First, T&B has alleged that "benzo(a)anthracene, benzo(b)fluouranthene . . . arsenic, lead, and carbazole [were] released during the City's activities." Compl., ¶ 24. Second, T&B alleges that the City's use of its property as a demolition site "has contributed to the contamination of the property." Id. ¶ 25. Lastly, T&B alleges that as a result of this contamination, there is an "imminent and substantial endangerment to health and the environment by polluting or threatening to pollute the soil, surface water. . . around the property." Id. Plaintiff has therefore established standing and adequately pled all the elements of an RCRA claims. See Albany Bank & Trust Co., 310 F.3d at 972.

### 2. *T&B's CERCLA Claim*

The CERCLA generally "permits a plaintiff to challenge cleanup efforts at Superfund sites once the Environmental Protection Agency (EPA) and other responsible parties proclaim their work to be completed." Frey v. E.P.A., 403 F.3d 828, 829 (7th Cir. 2005); see 42 U.S.C. § 9613(h)(4). "Sites listed as CERCLA priority are entitled to EPA cleanup funding under a general federal fund for hazardous waste management." Ridenour v. Kaiser-Hill Co., L.L.C., 397 F.3d 925, 929 n.7 (10th Cir. 2005); 42 U.S.C. § 9611. "Congress enacted CERCLA to facilitate the expeditious cleanup of environmental contamination caused by hazardous waste releases." Young v. U.S., 394 F.3d 858, 862 (10th Cir. 2005). The statute also "established a financing mechanism to abate and control the vast problems associated with abandoned and inactive hazardous waste disposal sites." Id. (quoting Public Serv. Co. of Colo. v. Gates Rubber Co., 175 F.3d 1177, 1181 (10th Cir. 1999); Daigle v. Shell Oil Co.,

972 F.2d 1527, 1533 (10th Cir. 1992)). Thus, CERCLA "encourages private parties to assume the financial responsibility of cleanup by allowing them to seek recovery from others." Young, 394 F.3d at 862 (quoting FMC Corp. v. Aero Indust., Inc., 998 F.2d 842, 847 (10th Cir. 1993)).

In order to establish a prima facie case under CERCLA, a plaintiff must allege that: (1) the defendant is a covered person under § 107(a) of 42 U.S.C. § 9607(a); (2) there is a release or threatened release of a hazardous substance from a 'facility' defined by § 101(9); (3) the release caused the plaintiff to incur response costs; and (4) the plaintiff did not pollute the site. 42 U.S.C. § 9607(a); Nutra-Sweet Co. v. X-L Engineering Co., 227 F.3d 776, 784 (7th Cir. 2000) (quoting Rumpke of Ind., Inc. v. Cummins Engine Co., Inc., 107 F.3d 1235, 1241 (7th Cir. 1997)).

Neither party disputes that T&B is a covered person under the statute. T&B has also alleged that the City leaked hazardous chemicals while using the property as a demolition site. See Compl., ¶ 24. Additionally, despite the City's objections, T&B has incurred "response costs" within the meaning of § 9601(23)-(25) when it hired an environmental consulting firm to perform investigations on the site as a result of the release of these hazardous materials. Compl., ¶ 38. The City's response to T&B's claim that it incurred costs when it hired a consultant is that such costs cannot be classified as "response costs" due to their remoteness. Mot. to Dismiss, at 8.

However, at this stage in the litigation, T&B's allegations are sufficient to state a claim. T&B is not required to prove every element of its case, it is merely required to place the City on notice of a pending claim. See Szumny, 246 F.3d at 1067; Alliant Energy Corp., 277 F.3d at 919. Lastly, neither party alleged that T&B has polluted the property. Therefore, T&B has established standing and pled a prima facie case under CERCLA, and dismissal is not proper. See Nutra-Sweet Co., 227 F.3d at 784. Furthermore, T&B alleges that under CERCLA, the City is strictly liable for the contamination because "they are the current operator of the facility." Compl., ¶ 37; see 42 U.S.C. § 9607(a).

Dismissal is "appropriate only if no relief could be granted based on any set of facts that the plaintiff could prove consistent with his complaint." Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago, 390 F.3d 1032, 1034 (7th Cir. 2004). Because T&B has established a prima facie case under both statutes, it cannot be said, at this juncture, that there are no set of facts upon which T&B may emerge victorious. See Centers v. Centennial Mortgage, Inc., 398 F.3d 930, 933 (7th Cir. 2005) ("Dismissal is proper under Rule 12(b)(6) only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'") (internal citations omitted).

After T&B leased its property to the City, it alleges that hazardous materials have leaked into the ground and contaminated the land. Compl., ¶ 11. The City does not dispute the existence of contaminants, merely the amounts found on the property. See Mot. to Dismiss, at 5. Drawing all reasonable inferences in favor of T&B, it cannot be said that T&B could be not be victorious under any set of circumstances. See Centers, 398 F.3d at 933; see Sprint Specturm L.P., 361 F.3d at 1001; see also Szumny, 246 F.3d at 1067.

Therefore, for the foregoing reasons, the City's Motion to Dismiss is granted as to Count I, and denied as to Counts II-VII.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion is denied in part and granted in part.
IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, SR. Judge
United States District Court

DATED: 5-13-05