UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

T & B LIMITED, INC., )
)
)
Plaintiff, )
)
v. ) Case No. 04 C 2578
)
) HONORABLE CHARLES R. NORGLE
CITY OF CHICAGO, ET AL., )
)
Defendants. )

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Defendants City of Chicago ("City") and United Road Towing Services, Inc., f/k/a Environmental Auto Removal Inc. ("URTS") Motion to Dismiss state law claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants also request attorneys' fees related with the joint Motion to Dismiss. For the following reasons, the Motion to Dismiss is granted and Defendants' request for attorneys' fees is denied.

**I. BACKGROUND**

**A. Facts**

Plaintiff T & B Limited Inc. ("T & B") owns a parcel of land at 4000 South Ashland Avenue in Chicago, Illinois. T & B leased the property to the City of Chicago (the "City") for use as an automobile impound lot. The original lease term ran from August 1, 1991 through July 31, 1996, although the City continued to lease the property on a month-to-month basis until February 2002. The City signed contracts with Environmental Automobile Recovery, Inc. ("EAR") on January 1, 1996 and

1

with URTS on August 1, 2000 to operate the impound lot. These contracts allegedly contain indemnity clauses in favor of the City.

T & B alleges that the lease agreement requires the property to be used only as an auto impound lot. T & B further claims that the City and/or URTS and/or EAR used the property for auto demolition. Finally, T & B alleges the property is now contaminated with various chemicals associated with auto demolition, causing damage in excess of $3.5 million.

## B. Procedural History

T & B filed its Second Amended Complaint on September 24, 2004. On May 9, 2005, the court granted in part, and denied in part, the City's motion to dismiss the Second Amended Complaint. See T & B Limited, Inc. v. City of Chicago, 369 F. Supp.2d 989 (N.D. Ill. 2005). T & B filed its Third Amended Complaint on July 5, 2005. Then, on November 3, 2005, the court granted the City's motion to dismiss the state law claim in the Third Amended Complaint, but denied the City's motion to dismiss on the remainder of the claims. On March 2, 2006, the City filed a Third Party Complaint against URTS and EAR.

On August 1, 2006, T & B filed its Fourth Amended Complaint, in which it included URTS and EAR as defendants. The City and URTS filed a joint Motion to Dismiss on August 25, 2006. T & B filed its Response on September 15, 2006. Defendants filed their Reply September 22, 2006 and T & B's Surreply was filed on October 6, 2006. The City's and URTS's Joint Motion to Dismiss is fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper when "it appears beyond doubt that the plaintiff can prove no set of facts to support his claim which would entitle him to relief." Szumny v. American General Finance, 246 F.3d 1065, 1067 (7th Cir. 2001) (citations and internal quotation marks omitted). "Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Id. "A ruling [under Rule 12(b)(6)] that a party has failed to state a claim on which relief may be granted is a decision on the merits with full res judicata effect." Winslow v. Walters, 815 F.2d 1114, 1116 (7th Cir. 1987); *see also* Shockley v. Jones, 823 F.2d 1068, 1073 (7th Cir. 1987).

### B. The City's Motion to Dismiss

Count I of T & B's Fourth Amended Complaint—which is substantially identical to Count I of their Third Amended Complaint—alleges a violation of the Illinois Environmental Protection Act ("IEPA"), 415 ILL. COMP. STAT. 5/3, et. al. As this court noted in regard to T & B's Third Amended Complaint, the IEPA does not create a private cause of action. See also, Chrysler Realty Corp. v. Thomas Indus., Inc., 97 F. Supp.2d 877, 879 (N.D. Ill. 2000); Neumann v. Carlson Envtl., Inc., 429 F. Supp.2d 946, 956 (N.D. Ill. 2006). Therefore, because the IEPA does not provide a private cause of action, Count I of the Fourth Amended Complaint fails to plead a justiciable claim and must be dismissed with prejudice.

Additionally, the City and URTS object to T & B's Fourth Amended Complaint in which it repleads similar state law claims to those it pled in the Third Amended Complaint. Specifically, the City and URTS request the court to order T & B to pay their attorneys' fees related to the filing of the Motion to Dismiss.

3

Rule 11(b) requires attorneys to certify that all legal contentions made in the pleadings are based on a non-frivolous interpretation of the law following a reasonable investigation. Rule 11 thus imposes "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances." Bus. Guides, Inc. v. Chromatic Communs. Enters., 498 U.S. 533, 551 (1991). "Rule 11 is intended to deter frivolous suits, not to deter novel legal arguments or cases of first impression." Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co., 827 F.2d 1454, 1458 (11th Cir. 1987) (per curium); see also Marco Holding Co. v. Lear Siegler, Inc., 606 F. Supp. 204, 211 (N.D. Ill. 1985).

The Defendants argue that T & B acted unreasonably under the circumstances because the court previously dismissed an identical claim in this case. T & B claims that repleading of these claims may be necessary to preserve them for appeal, given that the Fourth Amended Complaint contains different defendants from the Third Amended Complaint. Without reaching the merits of the argument, the court finds T & B's actions reasonable under the circumstances.

Although the Seventh Circuit has held that a plaintiff is not required to replead a dismissed complaint in order to preserve the issue for appeal, Bastian v. Petren Resources Corp., 892 F.2d 680, 682 (7th Cir. 1990), it has never considered the precise situation before the court. In Bastian, the parties in the original complaint were the same as those in the amended complaint. Id. In contrast, URTS was brought in as a third-party defendant after the state claim was dismissed. When a party is impleaded as a third-party defendant, "[t]he plaintiff *may assert* any claim against the third-party defendant arising out of . . . the subject matter of the plaintiff's claim against the third-party plaintiff." FED. RULE CIV. P. 14(a) (emphasis added). If the plaintiff decides to assert claims against the third-party defendant, the plaintiff must either file a separate complaint or amend the original complaint to include the third-party defendant as a direct defendant. See 3-14 MOORE'S FEDERAL PRACTICE - CIVIL § 14.06. Under this

scenario, an argument certainly can be made that T & B was required to replead the state law claim in order to preserve the issue for appeal in relation to its claims against URTS, because the claim technically had never been asserted against URTS.

Even if T & B's actions were unwarranted under current law, the court finds that these actions do not rise to the level of sanctionable behavior. T & B did not plead patently unwarranted causes of action, see Rogers, 596 F. Supp. at 15, did not assert claims against an unreasonable number of defendants who had no connection to the dispute, nor did T & B not obstinately ignore orders of the court, see Serritella v. Markum, 119 F.3d 506 (7th Cir. 1997). Rather, T & B acted under a reasonable and good-faith belief that repleading the state law claims was necessary to preserve the issue for appeal. Accordingly, the defendant's request for attorneys' fees is denied.

## III. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge

Dated: Feb. 9, 2006

5